UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------- x
                                                 :

MYRNA LYNN LIEBER and MYRNA LYNN      :
LIEBER as Executor of the Estate of Stuart Kenneth :
Lieber,                                             :
                                                 :
                          Plaintiffs,     :    Civil Action No. 20-cv-5944
                -against-                      :
                                                 :
JPMORGAN CHASE & CO. d/b/a JPMORGAN     :
CHASE                                               :
                                                :
                           Defendant.             :
----------------------------------------------- x

## NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF NEW YORK, CENTRAL ISLIP DIVISION

       Defendant, JPMorgan Chase Bank, N.A. ("JPMC"), incorrectly named herein as "JPMorgan Chase & Co. d/b/a JPMorgan Chase," by counsel, respectfully notifies this Court of the removal of the above-styled cause from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York, Central Islip Division, pursuant to 28 U.S.C. §1331, §1367, §1441, and 29 U.S.C. §1132, and states as follows:

       1.      This action is being removed to federal court based upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* (hereafter "ERISA"); and supplemental jurisdiction under 28 U.S.C. §1367.

       2.      On or about March 5, 2020 Plaintiff filed a Summons with Notice in the Supreme Court of the State of New York, County of Nassau ("State Court"), entitled *Myrna Lynn Lieber and Myrna Lynn Lieber as Executor of the Estate of Stuart Kenneth Lieber v. JPMorgan Chase &*

*Co. d/b/a JPMorgan Chase*, bearing Index No. 603537/2020 in the records and files of the State Court. Plaintiff served JPMC with the Complaint on November 10, 2020.

3. The aforesaid Supreme Court of the State of New York, County of Nassau, action is a suit of a wholly civil nature of which the United States District Court for the Eastern District of New York, Central Islip Division has original jurisdiction under 28 U.S.C. §1331, §1367, and 29 U.S.C. §1132, and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441.

4. This Court has federal question jurisdiction over the action because Plaintiff, as an alleged representative of a former participant of the JPMorgan Chase Retirement Plan ("Plan") and alleged beneficiary under the Plan, seeks recovery of benefits and other relief under said employee pension benefit plan.  The plan is controlled by ERISA:

   a. At all times relevant hereto, JPMC established and/or maintained the Plan, and Plaintiff alleges that Stuart Kenneth Lieber ("Deceased") was a participant in the Plan and that she was a beneficiary under the Plan [Complaint ¶¶ 5, 6, 26, 27, 28;

   b. The Plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5).  That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . . ";

   c. The Plan was established and is maintained for the purpose of providing, among other things, retirement benefits for participants and beneficiaries in the Plan;

   d. The Plan was and is therefore an employee pension benefit plan within the meaning of 29 U.S.C. §1002(2);

   e. Plaintiff's claim relates to and is one for recovery of benefits and other relief regarding said employee pension benefit plan; and

   f. Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee pension benefit plans.

5. In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This action is therefore one of which the United States District Court for the Eastern District of New York, Central Islip Division has original federal question jurisdiction under 28 U.S.C. §§1331 and 1441, as well as supplemental jurisdiction under 28 U.S.C. §1367, and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §§1441. Nassau County is within the venue of the United States District Court for the Eastern District of New York, Central Islip Division.

7. This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the Complaint in which a removable claim is asserted, and is removable in that:

    a. The time for filing this petition under 28 U.S.C. §1446 has not expired;

    b. Plaintiff's Complaint alleges a breach of fiduciary duty; and

    c. Plaintiff artfully crafted her pleading purportedly based upon state law causes of action, claims and/or theories of recovery; and

    d. In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that state law claims such as those asserted by Plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides Plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering Plaintiff's case, however

    pleaded, exclusively a federal question case removable to this Court; and

  e. To the extent any of Plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

8. Therefore, Defendant files this Notice of Removal of this action from the State Court, in which it is now pending, to the United States District Court for the Eastern District of New York, Central Islip Division. There are attached to this notice, marked Exhibit "A" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendant in this action.

9. Also attached to this notice, marked as Exhibit "B" and incorporated by reference, is a true and correct copy of the Notice of Filing Notice of Removal that will be filed (without exhibits) with the State Court. Pursuant to 28 U.S.C. § 1446(d), Defendant will also serve a copy of this Notice of Removal upon Plaintiff's counsel.

10. No previous petition for removal of this action has been made.

WHEREFORE, Defendant notifies this Court of the removal of this action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York, Central Islip Division.

| | |
|---|---|
| Dated: New York, New York<br>  December 7, 2020 | OGLETREE, DEAKINS, NASH,<br> SMOAK & STEWART, P.C.<br><br>By: /s/ Daniel M. Bernstein<br>Daniel M. Bernstein<br>599 Lexington Avenue, 17th Floor<br>New York, New York 10022<br>212.492.2500<br>*Attorneys for Defendant* |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing *NOTICE OF REMOVAL* was filed electronically on December 7, 2020 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

None

I further certify that on December 7, 2020, service was made on the following non-registered ECF counsel of record by placing copies of the foregoing *NOTICE OF REMOVAL* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

Bradley D. Schnur
Law Office of Bradley D. Schnur, Esq. P.C.
400 Jericho Turnpike, Suite 226
Jericho, NY 11753

*s/ Daniel Bernstein*