# EXHIBIT A

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF NASSAU

---

MYRNA LYNN LIEBER and
MYRNA LYNN LIEBER as Executor of the Estate
of Stuart Kenneth Lieber

                           Plaintiff

  -against-

JPMorgan Chase & Co.
d/b/a JPMorgan Chase

                          Defendants

Index# 603537-2020

**SUMMONS WITH NOTICE**

Plaintiff designates
Nassau County as
place of trial

Basis of Venue:
CPLR 509

---

**TO THE ABOVE NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED** to serve upon Plaintiff's attorneys, at the address stated below, a notice of appearance or a demand for a complaint, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York);

    **YOU ARE HEREBY NOTIFIED THAT** should you fail to serve a notice of appearance or demand for a complaint, a judgment will be entered against you by default for the relief demanded herein, together with the costs and disbursements of this action.

    **TAKE FURTHER NOTICE THAT** the nature of this action by Plaintiff is for Breach of Contract, Unjust Enrichment and Negligence in connection with Defendants' administration of retirement and pension related accounts held in the name of Stuart Kenneth Lieber.

**EXHIBIT A**

**THE RELIEF SOUGHT** is monetary damages in an amount of no less than $75,000.00.

Should defendant(s) fail to appear herein or demand a complaint, judgment will be entered by default for the sum of $75,000.00 with interest from the date of this summons and the costs of this action.

Dated: Jericho, New York
       1-26-2020

Law Office of Bradley D. Schnur, Esq., P.C.

By: _____
Bradley D. Schnur
400 Jericho Turnpike, Ste. 226
Jericho, New York 11753
(516) 932-4400
Attorney for Plaintiff

**SCPRCT01**
**Case No.333873**　　　　　　　　　　　　　　　　　　　　　829223

## CERTIFICATE OF

## LETTERS TESTAMENTARY

### THE PEOPLE OF THE STATE OF NEW YORK
### SURROGATE'S COURT OF THE COUNTY OF NASSAU
### BY THE GRACE OF GOD FREE AND INDEPENDENT

To all persons having an interest herein, please take notice that we have inspected the records of our Surrogate's Court In and for the County of Nassau, and do find that on the **13th of August 2004**, Letters Testamentary on the estate of **STUART KENNETH LIEBER**, **decedent having resided in** the County of Nassau, were granted by this Court unto **Myrna Lynn Lieber, 1 Lafayette Place, Massapequa NY 11758**, Executor(s) named in the last will and testament of said **decedent**, and that the Letters have not been revoked.

IN TESTIMONY WHEREOF, we have caused the seal of the Surrogate's Court Nassau County, to be hereunto affixed.

WITNESS, HON. JOHN B. RIORDAN, Judge of the Surrogate's Court, Nassau County, at the Surrogate's Office, in said County, **August 13, 2004.**

　　　　　　　　　　　　　　　　　　　*[signature]*

(SEAL)　　　　　　　　　Chief Clerk of the Surrogate's Court

**PHOTOCOPIES OF THIS CERTIFICATE ARE INVALID &**
**THIS CERTIFICATE IS NOT VALID AFTER 02/11/05.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Nassau
-----------------------------------------------------------x
MYRNA LYNN LIEBER and
MYRNA LYNN LIEBER As Executor
of The Estate of    Plaintiff/Petitioner,
Stuart Kenneth Lieber
            - against -                                Index No. 603537-2020

JP Morgan Chase & Co.
                    Defendant/Respondent.
-----------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 3/5/2020

Name: Bradley D. Schnur Esq

Firm Name: Law Office of Bradley D. Schnur Esq PC

Address: 400 Jericho Tpke #226, Jericho NY 11753

Phone: 516 832 4402

E-Mail: info@bdslawoffice.com

To: JP Morgan Chase & Co.

2/24/20

Index #                    Page 2 of 2                    EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

MYRNA LYNN LIEBER and MYRNA LYNN LIEBER as Executor of the Estate of Stuart Kenneth Lieber,

    Plaintiff

Against

JPMORGAN CHASE & CO. d/b/a JPMORGAN CHASE,

    Defendants

Index# 603537/2020

COMPLAINT

---

    Plaintiff, through its undersigned counsel, Law Office of Bradley D. Schnur, Esq. P.C., as and for its Complaint as against Defendant JPMORGAN CHASE & CO. d/b/a JPMORGAN CHASE ("Defendant" or "JPMC"), alleges as follows:

## THE PARTIES & VENUE

1. Plaintiff Myrna Lieber is a resident of the State of New York and was the spouse of Stuart Kenneth Lieber (deceased).

2. Upon information and belief, Plaintiff Myrna Lieber was also appointed the executor of the Estate of Stuart Kenneth Lieber through the Nassau County Surrogates Court which is the county where Myrna Lieber resided at the time of Stuart Kenneth Lieber's death.

3. Upon information and belief, Defendant JPMORGAN CHASE & CO. d/b/a JPMORGAN CHASE ("JPMC") is a foreign corporation authorized to transact business in New York.

4. Venue in this matter is designated pursuant to CPLR Section 509.

## FACTS

5. Plaintiff's husband, Stuart Lieber, was employed by JPMC(and/or its affiliate or predecessor companies) and was a participant in JPMCs Employee Retirement Plans at the time of his death in approximately August 2004.

6. In 2004, pursuant to the beneficiary terms of Stuart Lieber's Employee Retirement accounts, JPMC transferred ownership of two (2) of Stuart Lieber's retirement accounts to his spouse, Plaintiff Myrna Lieber.

7. Years later, in or about December 12, 2017, Plaintiff was surprised to have received a letter ("Letter") from JPMC notifying her that JPMC had discovered a third (additional) Employee Retirement Account in the name of Stuart Lieber. (A copy of the Letter is annexed hereto as **Exhibit "A"**)

8. The letter stated, among other things, that had Stuart Lieber been alive, he would have been required to take a Required Minimum Distribution ("RMD") beginning in 2015.

9. The Letter also stated that in accordance with (unspecified) IRC provisions, a monthly annuity calculation was made whereby a 38 month "Taxable" distribution in the amount of $95,297.16 would be remitted to Ms. Lieber in or about February 2018.

10. Upon information and belief, the Letter was the only correspondence Ms. Lieber received prior to the said $95,297.16 distribution being made.

11. Upon information and belief, nobody from JPMC contacted Plaintiff to inform her of any alternatives available to her, if any, prior to the distribution.

12. Further, upon information and belief, Ms. Lieber was not informed by JPMC as to any tax consequences of the Distribution and/or that she should seek professional tax advice as to what other options may be available to her prior to the distribution.

13. Upon information and belief, Ms. Lieber was not offered or provided documentation as to the value and holdings in the subject (third) retirement account at the time of Stuart Lieber's death, nor any summary or details of any of the transactions and earnings within said account from the date of Stuart Lieber's date of death through the date of transfer to Ms. Lieber (approximately May 2018).

14. In or around May 2018, the remaining balance in Stuart Lieber's Retirement account was distributed to Ms. Lieber as a rollover.

15. In or around April 2019, Ms. Lieber met with her tax accountant for the purpose of having her 2018 Federal Income tax return prepared. At that time she was informed of the significant tax liability she would incur as a result of the distribution she received in February 2018.

16. Ms. Lieber, as a retiree was uninformed and ill equipped to understand the complications of the tax laws and the consequences of the RMD distribution made to her, suddenly and unilaterally, by JPMC after it "found" a misplaced entire Retirement Account which it knew, or should have known about for 14 years.

17. As a result of JPMC's conduct described above, Plaintiff(s) have sustained monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
(Negligence)

18. Plaintiffs repeat and reiterate the allegations set forth in Paragraphs 1-17 above as if more fully set forth herein.

19. Defendant, JPMC owed a duty to exercise reasonable care to ensure that any of the beneficiaries, of any deceased employee who participated in its' company sponsored retirement plans be timely notified of retirement accounts, and those retirement accounts be timely transferred to said beneficiaries.

20. Defendant breached its duties by, among other things, failing for 14 years, to notify Plaintiffs as to the existence of this retirement account and failing to transfer said retirement account to the Plaintiff, on a timely basis.

21. Defendant further breached its duties by arbitrarily distributing $95.297.16 as a Minimum Required Distribution to Plaintiff in February 2018 which caused Plaintiff to incur more than $25,000 of Individual income taxes prematurely, which in fact could have been avoided entirely, in accordance with existing IRS tax regulations.

22. Defendants knew or should have known that by delivering the subject account to Plaintiff some 14 years later, and after the date Mr. Lieber would have been required to take a MRD, Plaintiff would incur tax consequences.

23. By suddenly delivering the funds to Plaintiff without ample notice, Plaintiff was precluded from having sufficient time to pursue available IRS Code options which would have mitigated the tax consequences of said MRD.

24. As a result of JPMC's conduct described above, Plaintiff(s) have sustained monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty)

25. Plaintiffs repeat and reiterate the allegations set forth in Paragraphs 1-24 above as if more fully set forth herein.

26. By participating in JPMC's retirement plans, Stuart Lieber placed a special trust, confidence and reliance in those tasked with offering, administering and overseeing Stuart Lieber's retirement plans and being entrusted with Stuart Lieber's retirement funds.

27. By offering, administering and overseeing Stuart Lieber's retirement plans and being entrusted with Stuart Lieber's retirement funds, JPMC (and its personnel) had a fiduciary duty to act for the benefit of Stuart Lieber and his beneficiaries (e.g. Plaintiffs).

28. JPMC engaged in misconduct by, among other things, failing to meet its' contractual and fiduciary responsibilities under the provisions of the JPMC Retirement Plan under which Stuart Lieber was a participant and to distribute said retirement assets on a timely basis to all beneficiaries upon his demise.

29. As a result of JPMC's conduct described above, Plaintiff(s) have sustained monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Contract)

30. Plaintiffs repeat and reiterate the allegations set forth in Paragraphs 1-29 above as if more fully set forth herein.

31. Stuart Lieber and JPMC entered into an agreement wherein, among other things, JPMC (and/or its affiliates, predecessors and/or designees) were tasked to oversee and maintain various retirement accounts containing funds belonging to Stuart Lieber (and ultimately his beneficiaries).

32. Although Lieber funded the account(s), Defendant failed to perform its duties with respect to, at a minimum, the third account (located in 2018) by having misplaced the account, and by failing to have timely informed Ms. Lieber as to the existence of such account.

33. By suddenly and arbitrarily distributing $95.297.16 as a Minimum Required Distribution to Plaintiff in February 2018, Plaintiff incurred significant tax consequences which could have been avoided had JPMC properly and timely distributed the subject account to Plaintiff.

34. As a result of JPMC's conduct described above, Plaintiff(s) have sustained monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

35. Plaintiffs repeat and reiterate the allegations set forth in Paragraphs 1-34 above as if more fully set forth herein.

36. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.

37. A party to a contract breaches these duties when it fails to perform those things necessary to carry out the purpose for which the agreement was entered and to refrain from destroying or injuring the other party's right to receive the fruits of the agreement.

38. Stuart Lieber and JPMC entered into an agreement wherein, among other things, JPMC (and/or its affiliates, predecessors and/or designees) were tasked to oversee and maintain various retirement accounts containing funds belonging to Stuart Lieber (and ultimately his beneficiaries).

39. Although Lieber funded the account(s), Defendant failed to perform its duties with respect to, at a minimum, the third account (located in 2018) by having misplaced the account, and by failing to have timely informed Ms. Lieber as to the existence of such account.

40. By suddenly and arbitrarily distributing $95.297.16 as a Minimum Required Distribution to Plaintiff in February 2018, Plaintiff incurred significant tax consequences which could have been avoided had JPMC properly and timely distributed the subject account to Plaintiff.

41. As a result of JPMC's conduct described above, Plaintiff(s) have sustained monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00 plus other consequential damages.

AS AND FOR A FIFTH CAUSE OF ACTION
(Unjust Enrichment)

42. Plaintiffs repeat and reiterate the allegations set forth in Paragraphs 1-41 above as if more fully set forth herein.

43. By retaining Stuart Lieber's retirement account for an additional 14 years following his death and having retained access to those funds invested, JPMC was financially enriched to the detriment of Plaintiffs.

44. It is against equity and good conscience to permit the Defendant to retain those funds which enriched Defendant while they were in its possession following Stuart Lieber's death.

45. As a result of JPMC's conduct described above, Plaintiff(s) have sustained monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00.

WHEREFORE, Plaintiffs demand Judgment against Defendant as follows:

1. On the First Cause of Action, monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00;

2. On the Second Cause of Action, monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00;

3. On the Third Cause of Action, monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00;

4. On the Fourth Cause of Action, monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00 plus consequential damages in an amount to be determined by the Court;

5. On the Fifth Cause of Action, monetary damages in an amount to be determined at trial, but in a sum of no less than $25,000.00;

As well as

Statutory interest on all amounts awarded from August 2004; together with the costs and disbursements of this proceeding, Plaintiff's reasonable attorneys' fees and such further and other relief as this Court may grant Plaintiffs.

Dated:   November 9, 2020
         Jericho, New York

*[signature]*

LAW OFFICE OF BRADLEY D. SCHNUR, ESQ. P.C.
BY: Bradley D. Schnur, Esq.
Counsel for Plaintiffs
400 JERICHO TURNPIKE, SUITE 226
JERICHO, NEW YORK 11753
(516) 932-4400

# EXHIBIT "A"



P.O. Box 4520
Newark, DE 19714-4520

December 12, 2017

Dear Myrna Lieber,

This letter is in regard to the vested benefit of Stuart Lieber from the JPMorgan Chase Retirement Plan. As the surviving spouse, you are eligible for a benefit from the JPMorgan Chase Retirement Plan. The calculation of the portion of your benefit not eligible for rollover is detailed below.

Per IRS regulations, a spousal beneficiary may rollover the entire amount of the Lump Sum of the distribution prior to December 31 of the latter of (i) the year containing the fifth anniversary of the participant's death; or (ii) the year when the participant would have attained age 70.5. Since your spouse died in 2004 and would have attained age 70.5 in 2015, the entire amount of the Lump Sum would only have been eligible to Rollover prior to 2015.

Since the distribution is after the above dates, the portion of the distribution that is not eligible for rollover is determined by calculating the Single Life Annuity monthly payment value on January 1, 2015. This monthly payment is rolled forward up through the year of distribution (12 payments for each year including the year of distribution regardless of when in year the distribution occurs).

| | | |
|---|---|---|
| A | Lump Sum Value of Benefit as of January 1, 2015 | $373,079.84 |
| B | Factor to convert Lump Sum Value to Annuity | 12.3972 |
| C | Annuity Value of Benefit as of January 1, 2010 | $2,507.82 |
| D | Missed Payment Period (Months) | 38 |
| E | Sum of Missed Payments - Not Eligible for Rollover (Item C * Item D) | $95,297.16 |

| | | |
|---|---|---|
| F | Lump Sum Value of Benefit as of February 1, 2018 | $406,379.65 |
| G | Sum of Missed Payments – Not Eligible for Rollover | $95,297.16 |
| H | Eligible for Rollover (Item F – Item G) | $311,082.49 |

We trust that this letter answers all of your questions.

Sincerely,

DeAnna Charles
JPMorgan Chase
US Pension Administration
302-455-3644

U268079

<u>*Certification*</u>

*I hereby certify pursuant to 22 NYCRR § 130-1.1-a that, to the best of my knowledge, information and/or belief, formed after a review and an inquiry reasonable under the circumstances, the presentation of the within papers or the contentions therein are not frivolous as defined in 22 NYCRR § 130-1.1(c):*

                                                              */s/ Bradley D. Schnur*
                                                              *November 9, 2020*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

MYRNA LYNN LIEBER and MYRNA LYNN LIEBER            Index# 603537/2020
as Executor of the Estate of Stuart Kenneth Lieber,

        Plaintiff

    against

JPMORGAN CHASE & CO. d/b/a JPMORGAN CHASE,

        Defendants

COMPLAINT

/s/
LAW OFFICE OF BRADLEY D. SCHNUR, ESQ. P.C.
400 JERICHO TURNPIKE, SUITE 226
JERICHO, NEW YORK 11753
(516) 932-4400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
MYRNA LYNN LIEBER and MYRNA LYNN LIEBER as Executor of the Estate of Stuart Kenneth Lieber,

           Plaintiff,

-against-

JPMORGAN CHASE & CO. d/b/a JPMORGAN CHASE,

           Defendant.
-------------------------------------------------------------------X

Index No.: 603537-2020

**STIPULATION EXTENDING TIME FOR PLAINTIFF TO SERVE COMPLAINT**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the undersigned parties that the time for plaintiff Myrna Lynn Lieber and Myrna Lynn Lieber as Executor of the Estate of Stuart Kenneth Lieber ("Plaintiff"), to serve her Complaint is hereby extended to and including November 2, 2020.

**IT IS FURTHER STIPULATED AND AGREED,** by and between the undersigned that this stipulation may be signed in counterparts and that a facsimile and/or electronic transmittal of signatures shall be deemed original.

**IT IS FURTHER STIPULATED AND AGREED,** by and between the undersigned that this stipulation may be filed without further notice.

Dated: Garden City, New York
October 13, 2020

| Law Office of Bradley D. Schnur, Esq. P.C. | Stagg Wabnik Law Group LLP |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendant JPMorgan Chase Bank, N.A., incorrectly named herein as JPMorgan Chase & Co. d/b/a JPMorgan Chase* |
| By: _____ | By: /s/Camille Hart _____ |
| Bradley D. Schnur | Camille Hart |
| 400 Jericho Turnpike, Suite 226 | 401 Franklin Avenue, Suite 300 |
| Jericho, New York 11753 | Garden City, New York 11530 |
| (516) 932-4400 | (516) 812-4550 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------------X
MYRNA LYNN LIEBER and MYRNA LYNN LIEBER as Executor of the Estate of Stuart Kenneth Lieber,

                Plaintiff,

-against-

JPMORGAN CHASE & CO. d/b/a JPMORGAN CHASE,

                Defendant.
---------------------------------------------------------------------X

Index No.: 603537-2020

**STIPULATION EXTENDING TIME FOR PLAINTIFF TO SERVE COMPLAINT**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the undersigned parties that the time for plaintiff Myrna Lynn Lieber and Myrna Lynn Lieber as Executor of the Estate of Stuart Kenneth Lieber ("Plaintiff"), to serve her Complaint is hereby extended to and including November 10, 2020.

**IT IS FURTHER STIPULATED AND AGREED,** by and between the undersigned that this stipulation may be signed in counterparts and that a facsimile and/or electronic transmittal of signatures shall be deemed original.

**IT IS FURTHER STIPULATED AND AGREED,** by and between the undersigned that this stipulation may be filed without further notice.

Dated: Garden City, New York
       November 2, 2020

| | |
|---|---|
| Law Office of Bradley D. Schnur, Esq. P.C.<br>*Attorneys for Plaintiff* | Stagg Wabnik Law Group LLP<br>*Attorneys for Defendant JPMorgan Chase Bank, N.A., incorrectly named herein as JPMorgan Chase & Co. d/b/a JPMorgan Chase* |
| By: ___[signature]___<br>   Bradley D. Schnur<br>   400 Jericho Turnpike, Suite 226<br>   Jericho, New York 11753<br>   (516) 932-4400 | By: __/s/Camille Hart_____<br>   Camille Hart<br>   401 Franklin Avenue, Suite 300<br>   Garden City, New York 11530<br>   (516) 812-4550 |